ORIGINAL

07 DEC 26 AM 11:22 FILED RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

LUCAS VALLEY LAW
MARK K. de LANGIS (SBN 190083)
2110 Elderberry Lane
San Rafael, California 94903
Telephone: (415) 472-3892
Facsimile: (415) 472-3977
mdelangis@lucasvalleylaw.com

Attorney for Plaintiffs
AMERICAN PRESIDENT LINES, LTD. and
APL CO. Pte., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMERICAN PRESIDENT LINES, LTD., a corporation and APL CO. Pte., LTD., a corporation,

Plaintiffs,

v.

GREAT AMERICAN INSURANCE COMPANY, a corporation,

Defendant.

C 07 No. 6461 BZ

COMPLAINT FOR:

1. ACTION AGAINST SURETY ON STATUTORY BOND;
2. ACTION AGAINST SURETY ON CONTINUING GUARANTY;
3. DECLARATORY RELIEF

Plaintiffs American President Lines, Ltd. and APL Co. Pte., Ltd. (collectively "APL") complain against defendant Great American Insurance Company and allege as follows:

## JURISDICTION

1. The following claims are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty jurisdiction of this Court under 28 U.S.C. section 1333. Federal jurisdiction is also found under 28 U.S.C. section 1352 as an action against a bond executed under a law of the United States, specifically, 46 U.S.C. app. section 1718 and 46 C.F.R. section 515.23.

## PARTIES

2. Plaintiff American President Lines, Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Delaware, residing in Oakland, California.

3. Plaintiff APL Co. Pte., Ltd. is, and at all relevant times was, a corporation duly organized and existing under the laws of Singapore, registered to do business in the State of California.

4. APL is informed and believes, and on that basis alleges that defendant Great American Insurance Company ("GAIC") is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Ohio.

## FIRST CAUSE OF ACTION

(Action Against Surety on Statutory Bond)
(46 U.S.C. app. § 1718)
(46 C.F.R. § 515.23)

5. At all relevant times, APL was and still is an ocean carrier of goods for hire, *inter alia*, between U.S. and foreign ports.

6. On or about June 18, 2002, APL and defendant's principal, D.S.R. Shipping Co., Inc. ("D.S.R.") entered into a written maritime service contract for the shipment of D.S.R.'s cargo in international commerce between the United States and Latin America. The maritime

service contract commenced on June 18, 2002 and expired on June 29, 2003.

7. In entering into the maritime service contract, APL was required by federal law to ensure that D.S.R. was a licensed and bonded ocean transportation intermediary. APL did so.

8. Effective on May 1, 1999, GAIC made, executed, and filed with the Federal Maritime Commission, an instrument designated "Ocean Transportation Intermediary (OTI) Bond" for $75,000. (A true and correct copy of the OTI bond is attached hereto as Exhibit A.)

9. In the bond, GAIC guaranteed to pay any judgment or settlement made pursuant to a claim under 46 C.F.R. section 515.23 for damages against its principal arising from the principal's transportation-related activities.

10. D.S.R. breached the above-described maritime service contract between it and APL.

11. On or about January 5, 2006, APL presented GAIC with a claim against the bond issued by GAIC on D.S.R.'s behalf, pursuant to 46 U.S.C. app. section 1718 and 46 C.F.R. section 515.23. Subsequently, GAIC rejected APL's claim. (When APL submitted its claim to GAIC, APL also sent a copy of the demand to D.S.R.)

12. When neither D.S.R., nor GAIC, paid APL's claim for the breach of contract, APL filed a demand for arbitration against D.S.R., pursuant to the terms of the contract. APL prevailed in the arbitration and was awarded the sum of $18,940 in the arbitration. The arbitration award was confirmed by the U.S. District Court for the Northern District of California and a judgment (including costs of suit) was entered in APL's favor against defendant's principal for $19,290.

13. No part of the $19,290 judgment has been paid by defendant's principal, D.S.R.

14. GAIC has paid no part of the sum due under its guaranty bond, despite APL's demand. There is now due, owing, and unpaid from GAIC's guaranty bond, the sum of $19,290, plus interest on that sum.

15. As a proximate result of GAIC's failure to pay on its guaranty bond as required by federal law, APL has not received the amount owed by defendant under the guaranty bond, and has been damaged in the sum of $19,290, together with interest and attorneys' fees in collecting this amount.

**SECOND CAUSE OF ACTION**

(Action Against Surety on Continuing Guaranty)
(46 U.S.C. app. § 1718)
(46 C.F.R. § 515.23)

16. APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 15, inclusive, hereinabove.

17. The purpose of GAIC's guaranty bond was to induce APL to enter into the above-described contract and to otherwise induce APL to do business with GAIC's principal, D.S.R.

18. APL acted in reliance on the bond guaranty and entered into the above-described contract with D.S.R., after verifying with the FMC that D.S.R. was appropriately licensed and bonded.

19. When a dispute arose between APL and D.S.R., APL prevailed in the arbitration proceeding against D.S.R.

20. D.S.R. is now indebted to APL in the sum of $19,290.

21. No part of the $19,290 has been paid by D.S.R. Nor has GAIC paid any part of the sum due under the guaranty despite APL's demand. There is now due, owing, and unpaid from GAIC, the amount of $19,290, plus interest on that sum.

22. As a result of GAIC's failure to pay on the guaranty bond as required by federal law, APL has not received the amount owed by GAIC under the guaranty bond, and has been damaged in the sum of $19,290, together with interest and attorneys' fees in collecting this amount.

## THIRD CAUSE OF ACTION

**(Declaratory Relief)**

23. APL refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 22, inclusive, hereinabove.

24. Pursuant to 46 U.S.C. app. section 1718(b)(2)(C), an ocean transportation intermediary's bond "shall be available to pay any judgment for damages against an ocean transportation intermediary arising from its transportation-related activities."

25. APL attempted to resolve this matter with D.S.R. and with GAIC by presenting its claim and supporting documentation to all entities. Neither defendant's principal, nor defendant GAIC, has paid anything towards the amount owed of $19,290, despite the existence of an arbitration award for that amount against D.S.R. and in favor of APL.

26. APL asks the Court to enter a judgment declaring that GAIC must make its guaranty bond (a copy of which is attached hereto as Exhibit A) available to pay the amount of $19,290 to APL to satisfy the arbitration award against D.S.R., with interest accruing from the date of the arbitration award.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs American President Lines, Ltd. and APL Co. Pte., Ltd. pray that judgment be entered herein in its favor on the Complaint as follows:

On the FIRST AND SECOND CAUSES OF ACTION,

1. The Court enter judgment in APL's favor against the bond issued by GAIC in the sum of $19,290;
2. The Court award APL interest on all sums as provided by law;
3. The Court award APL its costs of suit;
4. The Court award APL such other and further relief as the Court may deem proper.

On the THIRD CAUSE OF ACTION,

1. A declaration that Great American Insurance Company must make its guaranty bond available to pay APL's arbitration award against its principal; and that GAIC is liable for D.S.R.'s debt to APL for the full amount of the judgment, in the sum of $19,290, with interest from the date of the arbitration award.

DATED: December 26, 2007

LUCAS VALLEY LAW

By: ______________________________
Mark K. de Langis
Attorneys for Plaintiffs
AMERICAN PRESIDENT LINES, LTD.
APL Co. Pte., Ltd.

**EXHIBIT A**

Surety Bond Number: 9-14-82-60

FEDERAL MARITIME COMMISSION
Ocean Transportation Intermediary (OTI) Bond

Form FMC-48
FMC Bond


(Section 19, Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998)

D.S.R. SHIPPING CO., INC., as Principal (hereinafter "Principal"), and GREAT AMERICAN INSURANCE COMPANY as Surety (hereinafter "Surety") are held and firmly bound unto the United States of America in the sum of $75,000.00 for the payment of which sum we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally.

Whereas, Principal operates as an OTI in the waterborne foreign commerce of the United States in accordance with the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and the Coast Guard Authorization Act of 1998 ("1984 Act"), 46 U.S.C. app 1702, and, if necessary, has a valid tariff published pursuant to 46 CFR part 515 and 520, and pursuant to section 19 of the 1984 Act, files this bond with the Commission;

Now, Therefore, the condition of this obligation is that the penalty amount of this bond shall be available to pay any judgment or any settlement made pursuant to a claim under 46 CFR § 515.23(b) for damages against the Principal arising from the Principal's transportation-related activities or order for reparations issued pursuant to section 11 of the 1984 Act, 46 U.S.C. app. 1710, or any penalty assessed against the Principal pursuant to section 13 of the 1984 Act, 46 U.S.C. app. 1712.

This bond shall inure to the benefit of any and all persons who have obtained a judgment or a settlement made pursuant to a claim under 46 CFR § 515.23(b) for damages against the Principal arising from its transportation-related activities or order or reparation issued pursuant to section 11 of the 1984 Act, and to the benefit of the Federal Maritime Commission for any penalty assessed against the Principal pursuant to section 13 of the 1984 Act. However, the bond shall not apply to shipments of used household goods and personal effects for the account of the Department of Defense or the account of federal civilian executive agencies under the International Household Goods Program administered by the General Services Administration.

The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall aggregate the penalty of this bond, and in no event shall the Surety's total obligation hereunder exceed said penalty regardless of the number of claims or claimants.

Federal Maritime Commission OTI Bond



This bond is effective the 1ST day of MAY, 1999, and shall continue in effect until discharged or terminated as herein provided. The Principal or the Surety may at any time terminate this bond by written notice to the Federal Maritime Commission at its office in Washington, DC. Such termination shall become effective thirty (30) days after receipt of said notice by the Commission. The surety shall not be liable for any transportation-related activities of the Principal after the expiration of the 30-day period but such termination shall not affect the liability of the Principal and Surety for any event occurring prior to the date when said termination becomes effective.

The Surety consents to be sued directly in respect of any bona fide claim owed by the Principal for damages, reparations or penalties arising from the transportation-related activities under the 1984 Act of Principal in the event that such legal liability has not been discharged by the Principal or Surety after a claimant has obtained a final judgment (after appeal, if any) against the Principal from a United States Federal or State Court of competent jurisdiction and has complied with the procedures for collecting on such a judgment pursuant to 46 CFR § 515.23(b), the Federal Maritime Commission, or where all parties and claimants otherwise mutually consent, from a foreign court, or where such claimant has become entitled to payment of a specified sum by virtue of a compromise settlement agreement made with the Principal and/or Surety pursuant to 46 CFR § 515.23(b), whereby, upon payment of the agreed sum, the Surety is to be fully, irrevocably and unconditionally discharged from all further liability to such claimant; provided, however, that Surety's total obligation hereunder shall not exceed the amount set forth in 46 CFR § 515.21, as applicable.

The underwriting Surety will promptly notify the Director, Bureau of Tariffs, Certification and Licensing, Federal Maritime Commission, Washington, DC 20573, of any claim(s) against this bond.

Federal Maritime Commission OTI Bond

Signed and sealed this 21ST day of APRIL, 1999.
(Please type name of signer under each signature)

Individual Principal or Partner — Business Address

Individual Principal or Partner — Business Address

Individual Principal or Partner — Business Address

Trade Name, If any

D.S.R. SHIPPING CO., INC.
Corporate Principal

NEW JERSEY
State of Incorporation

Trade Name, If Any

495 UNION AVENUE
MIDDLESEX, NJ 08846
Business Address

(Affix Corporate Seal)

[signature]
By

PRESIDENT
Title

GREAT AMERICAN INSURANCE COMPANY
Corporate Surety

580 WALNUT STREET
CINCINNATI, OHIO 45202
Business Address

(Affix Corporate Seal)

[signature]
By

ATTORNEY-IN-FACT
Title